## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EMERGE ENERGY SERVICES, LP, *et al.*[1]<br><br><br>Debtor. | Chapter 11<br><br>Case No. 19-11563 (KBO)<br><br>(Jointly Administered) |
| POWNALL SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SUPERIOR SILICA SANDS LLC, and<br>HPS INVESTMENT PARTNERS, LLC,<br><br>Defendants. | <br><br><br><br>Adversary Proceeding No. 19-_____ (KBO) |

### COMPLAINT

Plaintiff Pownall Services, LLC ("Pownall" or "Plaintiff"), by and through its undersigned counsel, files this complaint for declaratory judgment against Superior Silica Sands LLC (the "Debtor") and HPS Investment Partners, LLC ("HPS" and, together with the Debtor, the "Defendants"), and hereby alleges as follows:

### NATURE OF THE CASE

1.      By this action, Pownall seeks a declaratory judgment determining the validity, perfection, and unavoidability of certain liens Pownall asserts on certain property of the Debtor.

---

[1]      The debtors in these chapter 11 cases (the "Debtors"), along with the last four digits of each of the Debtors' federal tax identification number, are: Emerge Energy Services LP (2937), Emerge Energy Services GP LLC (4683), Emerge Energy Services Operating LLC (2511), Superior Silica Sands LLC (9889), and Emerge Energy Services Finance Corporation (9875). The Debtors' address is 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas 76109.

Specifically, and as discussed in more detail below, Pownall seeks declarations that: (i) its mechanic's lien on the Debtor's property at issue is valid, perfected, and unavoidable; (ii) the Debtor's property at issue is not collateral for any prepetition deed of trust, security agreement, or other non-mechanic's liens; (iii) Plaintiff is a secured creditor; and (iv) the Plaintiff's lien on the property at issue is a "Senior Lien" for purposes of the Debtors' debtor-in-possession financing.

## JURISDICTION AND VENUE

2.     This adversary proceeding is brought pursuant to Rules 7001(2) and 7001(9) of the Federal Rules of Bankruptcy Procedure and section 105 of title 11 of the United States Code (the "Bankruptcy Code").  This proceeding arises under title 11, arises in title 11, and/or relates to a case under title 11 (In re Emerge Energy Services, LLC, Case No. 19-111563 (KBO)).  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.     This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K).

4.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     Pursuant to Local Rule 7008-1, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

6.     Plaintiff is a Texas limited liability company with its principal place of business in Carmine, Texas.

7.      The Debtor is a Texas limited liability company with its principal place of business at 5600 Clearfork Main Street, Suite 400, Fort Worth, Texas, 76109.

8.      HPS is a Delaware limited liability company with, upon information and belief, its principal place of business at 40 West 57th Street, 33rd Floor, New York, New York 10019.

## FACTS

9.      Pownall is a contractor which provides design, construction, and maintenance services for a variety of industrial processing facilities, including bulk sand handling facilities, commonly known as frac sand plants.[2]

10.     The Debtor owns and operates multiple frac sand plants throughout North America, including a plant in Kingfisher, Oklahoma (the "Kingfisher Plant").  The Kingfisher Plant is located at E0690 Road, Dover, Oklahoma 73734, Kingfisher, Oklahoma (the "Kingfisher Premises").

11.     Plaintiff and the Debtor have a long-standing business relationship and have done business together for several years.

12.     In or about 2018, the Debtor approached Plaintiff about providing design, construction, and maintenance services for several of its plants, including the Kingfisher Plant.  The parties agreed that Plaintiff would invoice the Debtor for Plaintiff's services, and the Debtor agreed to pay Plaintiff for its services upon receipt of invoices for Plaintiff's services (the "Agreement").

13.     Pursuant to the Agreement, from approximately June 2018 through February 2019, Plaintiff furnished the Debtor with labor and materials at the Debtor's Kingfisher Plant,

---

[2]      "Frac sand" is a durable sand used in the hydraulic fracturing process, colloquially called "fracking", to produce petroleum fluids such as oil, natural gas, and natural gas liquids.  Frac sand requires industrial processing to optimize its performance.

where the Debtor processes aggregate to form "frac sand," which is then sold and used in a drilling process known as hydraulic fracturing.

14.     Pursuant to the Agreement, Plaintiff sent invoices to the Debtor for the labor and materials that Plaintiff furnished to the Debtor in connection with Kingfisher Plant (the "Kingfisher Invoices").  Despite Plaintiff's demand, the Debtor breached the Agreement by failing to pay the Kingfisher Invoices in full.

15.     Plaintiff presented the Debtor with a demand for payment, along with additional copies of the Kingfisher Invoices for the labor and material furnished to the Debtor.  A true and correct copy of this letter, which contains the Kingfisher Invoices, is attached hereto as **Exhibit A**.  Despite Plaintiff's demand, the Debtor failed to pay in full.

16.     On or about April 5, 2019, Pownall Services recorded a mechanic's lien against the Kingfisher Premises in the amount of $1,598,738.31, representing the total amount due as of February 20, 2019 for services rendered by Plaintiff to the Debtor related to the Kingfisher Plant (the "Kingfisher Lien").  A true and correct copy of the Kingfisher Lien is attached hereto as **Exhibit B**.

17.     Despite its undisputable knowledge of the Kingfisher Lien and the debt giving rise to the same, as reflected on the Kingfisher Invoices, the Debtor has taken the position that Plaintiff is not a secured creditor.  This adversary proceeding is being brought to establish, by certain judicial declarations discussed below, that Plaintiff is a secured creditor and that the Kingfisher Lien is a "Senior Lien."

**PROCEDURAL POSTURE**

18.     On July 15, 2019 (the "Petition Date"), the Debtors, filed their voluntary petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors' cases are being jointly administered.

19.     On the Petition Date, the Debtors filed, among other things, a *Motion (I) Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing, (B) Grant Liens and Superpriority Administrative Expense Status, (C) Use Cash Collateral of Prepetition Secured Parties, and (D) Grant Adequate Protection to Prepetition Secured Parties; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (III) Granting Related Relief* [D.I. 20] (the "Financing Motion").

20.     The Financing Motion provides that HPS is the First Lien Prepetition Agent for the Credit Agreement Secured Parties, and is the Second Lien Prepetition Notes Agent for the Prepetition Secured Parties, as those terms are defined in the Financing Motion.   Financing Motion ¶ 4.

21.     The Financing Motion further provides that the prepetition lenders' obligations were secured by substantially all of the Debtors' assets.  Financing Motion ¶ 7.

22.     On July 17, 2019, the Court entered an interim order granting the Financing Motion [D.I. 64].

23.     On July 25, 2019, the Debtors filed their *Joint Plan of Reorganization for Emerge Energy Services LP and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 98] (the "Plan").

24.    The Plan defines "Secured Claim" as

> a Claim that is secured by a Lien on property in which any of the Debtors' Estates have an interest or that is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in such Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or, in the case of setoff, pursuant to section 553 of the Bankruptcy Code.

Plan Art. I.C.

25.    The Plan defines "Other Secured Claim" as "any Secured Claim other than an Administrative Claim, DIP Credit Agreement Claim, Secured Tax Claim, or Prepetition Debt Claim." Id.

26.    The Plan, as currently proposed, classifies Other Secured Claim as "Class 2." Plan Art. III.B.2.

27.    On August 9, 2019, the Debtor filed its *Schedule of Assets and Liabilities* [D.I. 149]. Despite the Kingfisher Lien, Plaintiff is identified as an unsecured creditor. Id. at p. 108, line 3.205.

28.    On August 14, 2019, the Court entered a final order [D.I. 209] (the "Final DIP Order"),[3] granting the Financing Motion on a final basis.

29.    The Final DIP order grants DIP Liens in DIP Collateral that are junior to Senior Liens:

> As security for the DIP Obligations, effective and perfected upon the date of the Interim Order and without the necessity of the execution, recordation of filings by the Loan Parties of mortgages, security agreements, control agreements, pledge agreements, financing statements or other similar documents, any notation of certificates of title for a titled good, or the possession or control by the DIP Agent of, or over, any DIP Collateral, the following security interests and liens are hereby granted to

---

[3]    Capitalized terms not otherwise defined herein shall have the same meaning as those ascribed to them in the Final DIP Order.

the DIP Agent for its own benefit and the benefit of the DIP Lenders (all property identified in clauses (i), (ii) and (iii) below being collectively referred to as the "DIP Collateral"), subject only to payment in full in cash of the Carve-Out (all such liens and security interests granted to the DIP Agent, for its benefit and for the benefit of the DIP Lenders, pursuant to this Final Order and the DIP Documents, the "DIP Liens"):

* * *

<u>Liens Junior to Certain Other Liens</u>. Pursuant to section 364(c)(3) of the Bankruptcy Code, a valid, binding, continuing, enforceable, fully-perfected junior security interest in and lien upon all tangible and intangible pre- and postpetition property of each Loan Party that, on or as of the Petition Date (including pursuant to Section 546(b) of the Bankruptcy Code), is subject to valid, perfected and unavoidable liens senior to the Prepetition Liens in existence immediately prior to the Petition Date (the "Senior Liens"), if any; provided that, nothing in the foregoing shall limit the rights of the DIP Secured Parties under the DIP Documents to the extent such Senior Liens are not permitted thereunder; and provided further that, the DIP Liens shall not prime any valid and enforceable rights of recoupment or setoff asserted by Marabou Energy Management, LLC and Marabou Superior Pipeline, LLC.

Final DIP Order ¶ 13(a)(iii).

30.     Under the Final DIP Order, the Debtors' stipulations as to, among other things, the priority and validity of the Prepetition Liens in the Prepetition Collateral (namely, the Kingfisher Premises), <u>see</u>, <u>e.g.</u>, Final DIP Order ¶¶ 6, 7, are subject to the rights of Plaintiff and other parties in asserting or prosecuting a Challenge, <u>see</u> Final DIP Order ¶ 26.

31.     Under the financing approved by the Final DIP Order, HPS is the DIP Agent.

## COUNT I
### (Declaratory Judgment that the Kingfisher Lien Is a Valid, Perfected, and Unavoidable Prepetition Lien on the Kingfisher Premises)

32.     Plaintiff repeats and realleges the allegations set forth above.

33.     Plaintiff asserts that the Kingfisher Lien is a valid, perfected, and unavoidable prepetition lien upon the Kingfisher Premises.

34.    Plaintiff asserts that the Kingfisher Lien is a "Senior Lien" under the terms of the Final DIP Order.

35.    The Debtor's schedules do not identify Plaintiff as a secured creditor or otherwise recognize the Kingfisher Lien.

36.    Accordingly, an actual controversy has arisen and now exists between the Defendants and Plaintiff as to the validity, perfection, and unavoidability of the Kingfisher Lien, as well as the rights and status of Plaintiff and the Kingfisher Lien with respect to the Final DIP Order.

37.    A judicial determination by the Court as to the validity, perfection, and unavoidability of Plaintiff's Kingfisher Lien, which declaration shall have the force and effect of a final judgment, is necessary to the proper administration of the estates.

38.    Resolution of this controversy by the Court is in the best interest of all parties.

## COUNT II
**(Declaratory Judgment as to the Existence of Other Liens or Encumbrances on the Kingfisher Premises)**

39.    Plaintiff repeats and realleges the allegations set forth above.

40.    Plaintiff asserts that the Kingfisher Lien is a valid, perfected, and unavoidable prepetition lien upon the Kingfisher Premises.

41.    Plaintiff asserts that the Kingfisher Lien is a "Senior Lien" on the Kingfisher Premises under the terms of the Final DIP Order.

42.    Plaintiff asserts that as a "Senior Lien" on the Kingfisher Premises, any DIP Liens granted the DIP Lenders in the Kingfisher Premises through the DIP Order are junior to the Kingfisher Lien.

43.    The Debtor's schedules do not identify Plaintiff as a secured creditor or otherwise recognize the Kingfisher Lien.

44.     On information and belief, there are no deeds of trust, security instruments, or other non-mechanic's liens on the Kingfisher Premises.

45.     On information and belief, the only other purported liens on the Kingfisher Premises are purported mechanic's liens whose claimants are as follows: (i) Market & Johnson (recorded January 25, 2019, and amended on June 19, 2019); (ii) Bollenbach Concrete (recorded on March 8, 2019); (iii) TMT Solutions (recorded on March 11, 2019); (iv) KC Electric (recorded March 21, 2019); (v) EnDeCo Engineers (recorded on April 4, 2019); and (vi) RB Scott Company (recorded May 28, 2019) (the "Purported Third-Party Mechanic's Liens").

46.     Plaintiff does not in any way admit that the Purported Third-Party Mechanic's Liens are valid, and reserves any and all rights regarding the Purported Third-Party Mechanic's Liens, including but not limited to the right to object to their validity and enforceability and to seek a declaration that such purported mechanic's liens are not valid and enforceable.

47.     Market & Johnson, Bollenbach Concrete, TMT Solutions, EnDeCo Engineers, and RB Scott Company are listed as secured creditors in the Debtor's schedules.  See D.I. p. 99, lines 2.8, 2.23, 2.33, 2.35, 2.38.  While it does not appear that KC Electric is identified in the Debtor's schedules, on information and belief, KC Electric is a sub-contractor for TMT Solutions.

48.     The Purported Third-Party Mechanic's Liens are the only other liens and/or encumbrances which appear to have been recorded in connection with the Kingfisher Premises.

49.     The Debtor's schedules do not identify the Kingfisher Lien, nor is the format of the Debtor's schedules sufficient to ascertain whether the Debtor acknowledges that the Kingfisher Lien and the Purported Third-Party Mechanic's Liens are the only liens and/or encumbrances recorded on the Kingfisher Premises.

50.      Accordingly, an actual controversy has arisen and now exists between the Defendants and Plaintiff as to existence of any and all liens on the Kingfisher Premises and as to the existence of the Kingfisher Lien for purposes of the Debtors' chapter 11 cases, including the Kingfisher Lien's status as a "Senior Lien" for purposes of the Final DIP Order, and the treatment of Plaintiff's claim as a "Secured Claim" under the Plan.

51.      A judicial determination by the Court as to the existence of any and all liens on the Kingfisher Premises, which declaration shall have the force and effect of a final judgment, is necessary to the proper administration of the estates.

52.      Resolution of this controversy by the Court is in the best interest of all parties.

## COUNT III
### (Declaratory Judgment that Plaintiff Is a Secured Creditor)

53.      Plaintiff repeats and realleges the allegations set forth above.

54.      Plaintiff asserts that the Kingfisher Lien is a valid, perfected, and unavoidable prepetition lien upon the Kingfisher Premises.

55.      By virtue of the Kingfisher Lien, Plaintiff asserts that it is a secured creditor to the extent of the value of Plaintiff's interest in the Kingfisher Premises.

56.      The Debtor's schedules do not identify Plaintiff as a secured creditor or otherwise recognize the Kingfisher Lien.

57.      Accordingly, an actual controversy has arisen and now exists between the Defendants and Plaintiff as to whether Plaintiff is a secured creditor or a general unsecured creditor for all purposes in these chapter 11 cases, including the treatment and classification of Plaintiff's claims under the Plan.

58.     A judicial determination by the Court as to whether Plaintiff is a secured creditor, which declaration shall have the force and effect of a final judgment, is necessary to the proper administration of the estates.

59.     Resolution of this controversy by the Court is in the best interest of all parties.

## COUNT IV
### (Declaratory Judgment that the Kingfisher Lien Is a "Senior Lien")

60.     Plaintiff repeats and realleges the allegations set forth above.

61.     Plaintiff asserts that the Kingfisher Lien is a valid, perfected, and unavoidable prepetition lien upon the Kingfisher Premises.

62.     Plaintiff asserts that the only other liens which purport to have been recorded on the Kingfisher Premises are the Purported Third-Party Mechanic's Liens.

63.     Plaintiff asserts that the Kingfisher Lien is a "Senior Lien" under the terms of the Final DIP Order.

64.     The Debtor's schedules do not identify Plaintiff as a secured creditor or otherwise recognize the Kingfisher Lien.

65.     Accordingly, an actual controversy has arisen and now exists between the Defendants and Plaintiff as to the character of the Kingfisher Lien as a "Senior Lien" for purposes of the Final DIP Order.

66.     A judicial determination by the Court as to the character of the Kingfisher Lien as a "Senior Lien," which declaration shall have the force and effect of a final judgment, is necessary to the proper administration of the estates.

67.     Resolution of this controversy by the Court is in the best interest of all parties.

## **RESERVATION OF RIGHTS**

68.     Plaintiff may now have, or may acquire in the future, additional claims against the Debtors and/or the Defendants.  Accordingly, Plaintiff reserves any and all rights to bring such objections, causes of action, or other claims to the extent authorized by the Court and/or applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor and against the Defendants as follows:

(a)     declaring that:

     (i)     the Kingfisher Lien is a valid, perfected, and unavoidable prepetition lien on the Kingfisher Premises;

     (ii)     the Purported Third-Party Mechanic's Liens are the only other liens and/or encumbrances which purport to have been recorded on the Kingfisher Premises as of the Debtors' petition date;

     (iii)     Plaintiff is a secured creditor for all purposes in these chapter 11 cases, including the treatment and classification of Plaintiff's claims under the Plan and any future plan proposed in these cases; and

     (iv)     the Kingfisher Lien is a "Senior Lien" for purposes of the Final DIP Order; and

(b)     awarding Plaintiff pre- and post-judgment interest;

(c)     awarding Plaintiff's attorneys' fees and expenses incurred in connection with this adversary proceeding, any contested matter before this Court, and any other proceeding relating to the Kingfisher Lien or Plaintiff's claims; and

(c)     awarding such other and further relief as the Court deems equitable and proper.

Dated:  August 16, 2019                    **SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Lucian B. Murley*
Lucian Murley (DE Bar No. 4892)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
luke.murley@saul.com

**DAVIS & SANTOS P.C.**
Santos Vargas
Caroline Newman Small
719 S. Flores Street
San Antonio, TX 78204
Telephone: (210) 853-5882
svargas@dslawpc.com
csmall@dslawpc.com

*Counsel to Pownall Services, LLC*